IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARCELETE THOMPSON-HOGAN,

    Plaintiff,

v.                              CASE NO. 4:15cv592-RH/CAS

GINGER DRIVE HEALTH CARE
ASSOCIATES, LLC,

    Defendant.

_____/

## ORDER GRANTING SUMMARY JUDGMENT

This is an employment-discrimination case. The plaintiff alleges she was fired because of her race. The defendant has moved for summary judgment. The record establishes without dispute that the plaintiff was fired for a legitimate, nondiscriminatory reason. This order grants summary judgment.

I

The plaintiff is Marcelete Thompson-Hogan. She was the Director of Nursing for the defendant Ginger Drive Health Care Associates, LLC, which operates a skilled nursing facility. An anonymous complaint resulted in a survey by the Florida Agency for Healthcare Administration. The survey turned up

substantial violations, including six that placed residents in "immediate jeopardy." The violations were within the plaintiff's area of responsibility and showed a rather egregious failure to provide adequate care to residents. The defendant fired the plaintiff as a result.

The plaintiff filed this action, alleging that the real reason for the firing was race. The plaintiff noted that the facility's Executive Director, to whom the plaintiff reported, was not fired and is of a different race. The defendant has moved for summary judgment. The plaintiff has not responded, and the deadline for doing so has passed. The motion is ripe for a decision.

II

On a summary-judgment motion, disputes in the evidence must be resolved, and all reasonable inferences from the evidence must be drawn, in favor of the nonmoving party. The moving party must show that, when the facts are so viewed, the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A summary-judgment motion cannot be used to resolve in the moving party's favor a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

III

In an employment-discrimination case in which, as here, there is no direct evidence of discrimination, the employee may proceed under the familiar burden-

shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and later cases. Under that framework, an employee first must present a prima facie case. The employer then must proffer a legitimate nondiscriminatory or nonretaliatory reason for its decision. The employee then must show that the proffered reason was not the real reason for the decision and that instead a reason was discrimination or retaliation. Alternatively, the employee may present other evidence from which a reasonable factfinder could infer prohibited discrimination or retaliation. *See, e.g., Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011).

When the employer proffers a legitimate, nondiscriminatory reason for its action, the employee must meet the employer's proffered reason head on and rebut it; disagreeing with the wisdom of the decision will not do. The Eleventh Circuit has put it this way:

> A plaintiff is not allowed to recast an employer's proffered nondiscriminatory reasons or substitute his business judgment for that of the employer. Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason.

*Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000).

Here the plaintiff has not met this standard. The issue is not close. An operator of a skilled nursing facility might reasonably expect its director of nursing not to place residents in immediate jeopardy. An operator of a skilled nursing

facility might reasonably expect its director of nursing to ensure that employees within the supervisor of nursing's span of control also would not place residents in immediate jeopardy. An operator of a skilled nursing facility might reasonably hold its director of nursing responsible for violations of the kind found here.

Although she has not responded to the summary-judgment motion, the plaintiff apparently relies on the fact that the facility's Executive Director was not fired. The plaintiff apparently asserts that this would support a finding that the defendant's proffered reason for firing the plaintiff was not the real reason. But the Executive Director did not have the same relationship to and responsibility for the violations. When an organization fails to perform as expected, the issues of who should be held responsible and what discipline should be imposed are quintessentially issues for management discretion. That the defendant held responsible its Director of Nursing, whose supervisory duties most closely touched these violations, and did not hold the Executive Director equally responsible, suggests pretext not at all.

IV

For these reasons,

IT IS ORDERED:

1. The defendant's summary-judgment motion, ECF No. 15, is granted.

2.  The clerk must enter judgment stating, "This action was resolved on a summary-judgment motion. It is ordered that the plaintiff Marcelete Thompson-Hogan recover nothing on her claims against the defendant Ginger Drive Health Care Associates, LLC. The claims are dismissed on the merits."

3.  The clerk must close the file.

SO ORDERED on September 19, 2016.

           s/Robert L. Hinkle
           United States District Judge